## MORRIS BROTHERS, Respondents, v. J. E. McDANIEL, Appellant.

### Kansas City Court of Appeals, January 6, 1908.

**REAL ESTATE BROKER:** Commission: Evidence: Instruction. The evidence relating to a real estate broker earning his commission and the instructions submitting the same to the jury are reviewed and no good reason found for disturbing the judgment.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

AFFIRMED.

*Bente & Wilson* for appellant.

(1) A real estate agent must produce a purchaser, ready, able and willing to purchase on the terms prescribed by the seller and if he fails in this by the fault of the purchaser or his own fault, he has earned no commission. Yoder v. White, 75 Mo. App. 155. (2) Plaintiffs did not produce a buyer while they had the farm for sale, who was willing to buy the farm in question upon the terms prescribed by the seller, nor did they

consummate the deal themselves or through their efforts. Plaintiffs are not entitled to recover under the evidence. Yoder v. White, 75 Mo. App. 155; Huggins v. Hearne, 74 Mo. App. 86; Finley v. Dyer, 79 Mo. App. 604. (3) The defendant had the right in good faith to withdraw his farm for sale from the plaintiffs and the fact that he did so is clearly shown by all the evidence and especially so by a letter written by plaintiff. He had a right to sell his farm at the time said deal was made to Dr. Bishop. LaForce v. Washington University, 106 Mo. App. 517; Wallace & Eves v. Figone, 107 Mo. App. 362; Warren v. Cram, 71 Mo. App. 638. (4) Dr. Bishop refused to give over $4,500 for the farm in question. Plaintiff (Morris Bros.) on behalf of McDaniels (the defendant) refused to accept less than $5,000 and rejected Dr. Bishop's offer. The whole matter was at an end as Dr. Bishop testified that he abandoned any idea of buying the farm. Plaintiffs are certainly not entitled to a commission and cannot recover. Bailey v. Moorhead, 122 Mo. App. 268; Egger v. Nesbit, 122 Mo. 676; James & Sons v. Fruit Jar & Bottle Co., 69 Mo. App. 207; Railroad v. Mills, 119 U. S. 151. (5) Plaintiffs testified that they were authorized to sell the farm in question for a certain price. They did find a buyer. The only offer they had was $4,500. They cannot now claim a commission. They did not find a purchaser. Warren v. Cram, 71 Mo. App. 638; Hogan v. Slade, 98 Mo. App. 44; LaForce v. University, 106 Mo. App. 517; 524; Gamble v. Gretter, 108 Mo. App. 340; Wallace & Eves v. Figone, 107 Mo. App. 362. (6) The court erred in refusing to give instructions numbered 2, 3 and 4 offered on behalf of defendant. Huggins v. Hearne, 74 Mo. App. 86; Butts v. Ruby, 85 Mo. App. 405; Yoder v. White, 75 Mo. App. 155; La Force v. Insurance Co., 106 Mo. 517; Page & Austin v. Griffin, 71 Mo. App. 524; Wallace & Eves v. Figone, 107 Mo. App. 362.

*W. D. Steele* for respondents.

(1) Were the plaintiffs the procuring cause of the sale? If so, then they were entitled to their commission as real estate agents. Hogan v. Slade, 98 Mo. App. 44; Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249; Timberman v. Craddock, 70 Mo. 638; Stinde v. Blesch, 42 Mo. App. 578. (2) Instructions asked by plaintiff and given by the court properly declared the law in the whole case and the court committed no error in refusing defendant's instructions. Goffee v. Gibson, 18 Mo. App. 1; Jones v. Berry, 37 Mo. App. 125.

ELLISON, J.—Plaintiffs are real estate agents and this action was brought by them to recover a commission for the sale of defendant's farm in Pettis county, effected, as plaintiff's claim, through an employment by defendant and a sale afterwards through their instrumentality. Plaintiffs recovered judgment in the trial court.

It appears that defendant owned a farm of one hundred and forty-five acres which, in the winter of 1902 and 1903, he placed in plaintiffs' hands for sale at five thousand dollars, he, the defendant, residing in Nebraska. It seems that there were negotiations between plaintiffs and Dr. Bishop for the sale of the farm, but the latter refused to pay the price. A few months afterwards, in the summer of 1903, defendant came to Sedalia from Nebraska and told plaintiffs he would not sell at that price, but on plaintiffs suggesting that they had been negotiating with Gibson he concluded that they could sell to him, but they were not to price it to any other person at that sum. Plaintiffs wrote to Bishop that defendant was in Sedalia and would probably be out and they could look over the place together. They urged him to buy and gave reasons why he should. Defendant did go out and he and the Doctor entered into

negotiations resulting in the sale at a price which aggregated something above five thousand dollars. Defendant and Dr. Gibson then entered into an agreement reciting that plaintiffs would probably claim a commission and if they did and defendant had it to pay, that Gibson would pay him. In other words, if a commission was found to be due plaintiffs, Bishop was to save defendant harmless. In the fall of 1903, defendant wrote to plaintiffs that if any commission was due them that "Dr. Bishop will settle with you." He also wrote to the doctor as follows: "Herewith hand you letter from Morris Bros., relative to commission for sale of the farm I sold you. Please look into this matter and adjust it satisfactorily with them." There was evidence further tending to show that afterwards defendant was again in Sedalia and called upon plaintiffs admitting that he owed the commission but stating that Bishop was to pay it.

We have gone over the entire record and fail to find any good reason for disturbing the judgment. There was evidence in defendant's behalf that he had withdrawn the farm from plaintiffs and that the sale was made without their aid. But there was such abundant evidence in plaintiffs' behalf in support of the verdict that there is no ground upon which we could interfere. The instructions for plaintiffs were plain and unexceptionable. There was one given for defendant which embodied his theory of withdrawal of the farm. There were others offered and refused by the court which contained same correct abstract propositions of law, but none of them were applicable to the case made, except those that contained what was embodied in the one given.

Authorities will be found in the briefs of the respective counsel wherein the law concerning sales of real estate by agents is set forth. But as the instructions which were given put before the jury every phase of the case which the record justifies, it is needless to enter

upon a discussion of principles of agency now so well understood.

The judgment being manifestly for the right party, is affirmed. All concur.